KENNADAY LEAVITT PC
KELLI M. KENNADAY (SBN 155153)
kkennaday@kennadayleavitt.com
ALLISON M. NYE (SBN 298872)
anye@kennadayleavitt.com
621 Capitol Mall, Suite 2500
Sacramento, California  95814
Telephone:     (916) 732-3060

Attorneys for Defendant
VISION SERVICE PLAN (erroneously sued
as VSP LABS, INC.)

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEMEKA ROBINSON, an individual,<br><br>                 Plaintiff,<br><br>        v.<br><br>VSP LABS, INC., a Delaware corporation;<br>and DOES 1 through 20, inclusive,<br><br>                 Defendants. | Case No.<br><br>**DECLARATION OF KELLI M.<br>KENNADAY IN SUPPORT OF<br>DEFENDANT'S NOTICE OF REMOVAL<br>OF ACTION**<br><br>Complaint Filed: May 6, 2022 |

I, Kelli M. Kennaday, declare as follows:

1.      I am a partner at the law firm Kennaday Leavitt PC, counsel of record for Defendant Vision Service Plan (erroneously sued as VSP Labs, Inc.) in the above-captioned action. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would competently testify thereto. I submit this declaration in support of Defendant's Notice of Removal of Action.

2.      Attached as Exhibit A is a true and correct copy of Plaintiff's Complaint for Damages, filed on May 6, 2022 in the Sacramento County Superior Court, and all documents filed therewith. In the Complaint, Plaintiff asserts eight causes of action, including a claim for discrimination in

KENNADAY LEAVITT PC
ATTORNEYS AT LAW
621 CAPITOL MALL | SUITE 2500
SACRAMENTO, CA 95814

00224940.1                                    -1-
DECL. OF KELLI M. KENNADAY  IN SUPPORT OF DEFENDANTS'  NOTICE OF REMOVAL OF ACTION

1  violation of the Family Medical Leave Act (29 U.S.C. §§ 2601, *et seq.*)

2      3.      On June 21, 2022, Defendant Vision Service Plan filed an Answer with the

3  Sacramento Superior Court in order to preserve all legal rights. A true and correct copy of the Answer

4  is attached as <u>Exhibit B</u>.

5      I declare under penalty of perjury under the laws of the United States of America and the State

6  of California that the foregoing is true and correct.

7      Executed June 24, 2022, at Sacramento, California.

8

9                              /s/ *Kelli M. Kennaday*
                              KELLI M. KENNADAY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KENNADAY LEAVITT PC
ATTORNEYS AT LAW
621 CAPITOL MALL | SUITE 2500
SACRAMENTO, CA 95814

DECL. OF KELLI M. KENNADAY  IN SUPPORT OF DEFENDANTS'  NOTICE OF REMOVAL OF ACTION

# EXHIBIT A

COPY

**SUMMONS**    **BY FAX**

*(CITACION JUDICIAL)*

SUM-100

FILED
Superior Court Of California,
Sacramento
05/10/2022
lbaldwin1
By_____, Deputy
Case Number:
**34-2022-00319458**

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
VSP LABS, INC., a Delaware corporation; and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
TEMEKA ROBINSON, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):* Gordon D. Schaber Sacramento County Courthouse, 720 9th Street, Sacramento, CA 95814 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joshua Falakassa, Falakassa Law, P.C., 1901 Avenue of the Stars, Ste. 450, Los Angeles, CA 90067, (818) 456-6168

| DATE: *(Fecha)* May 2, 2022  MAY 1 0 2022 | Clerk, by *(Secretario)* L. BALDWIN | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* VSP LABS, INC.

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*



**SUPERIOR COURT OF CALIFORNIA**

**County of Sacramento**
720 Ninth Street, Room 102
Sacramento, CA 95814-1311

*For Court Use Only*

PETITIONER/PLAINTIFF: Temeka Robinson

RESPONDENT/DEFENDANT: VSP Labs, Inc.

| **ORDER RE: DELAY IN SCHEDULING INITIAL CASE MANAGEMENT CONFERENCE** | CASE NUMBER: 34-2022-00319458 |
| --- | --- |

The Court finds good cause to delay the scheduling of the initial Case Management Conference for this case given the COVID-19 pandemic and its impact on court-wide operations. Among the affected operations is the Court's Case Management Program (CMP). The Court's CMP calendars have been and remain suspended until further notice. After the CMP Departments resume operations, the Court will schedule the initial Case Management Conference in this case and issue a Notice of Case Management Conference and Order to Appear.

The deadline for filing and service of the Case Management Conference Statements will be based upon the date for the initial Case Management Conference once it has been scheduled.

Parties shall continue to accomplish service of all parties named in the action.

Parties shall continue to ensure that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered.

Plaintiff shall serve a copy of this order on any party to the complaint. The cross-complainant shall have the same obligation with respect to the cross-complaint

RICHARD K. SUEYOSHI

Dated: 5/6/2022

_____
Richard K. Sueyoshi, Judge of the Superior Court

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Joshua Falakassa (SBN 295045); Gregory Lang (SBN 3350365)<br>Falakassa Law, P.C.<br>1901 Avenue of the Stars, Suite # 450<br>Los Angeles, CA 90067<br>TELEPHONE NO.: (818) 456-6168   FAX NO.:<br>ATTORNEY FOR *(Name)*: Temeka Robinson | **COPY**<br>FILED<br>Superior Court Of California,<br>~~To keep other people from~~<br>~~seeing what you entered on~~<br>~~your form, please press the~~<br>~~Clear This Form button at the~~<br>~~end of the form when finished.~~ Deputy<br>Case Number:<br>**34-2022-00319458** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Sacramento
STREET ADDRESS: 720 9th Street,
MAILING ADDRESS: 720 9th Street
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME: Gordon D. Schaber Sacramento County Courthouse

CASE NAME:
Temeka Robinson v. VSP Labs, Inc. et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ **Unlimited** (Amount demanded exceeds $25,000) | ☐ **Limited** (Amount demanded is $25,000 or less) | ☐ **Counter** ☐ **Joiner**<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE<br><br>DEPT |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☑ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify)*: 8 - Wrongful termination
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 2, 2022
Joshua Falakassa
_____
(TYPE OR PRINT NAME)
*(signature)*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*
American LegalNet, Inc.

COPY

FILED
Superior Court Of California,
Sacramento
05/06/2022
lbaldwin1
By_____ , Deputy
Case Number:
34-2022-00319458

**BY FAX**

**FALAKASSA LAW, P.C.**
Joshua S. Falakassa (Cal. Bar No.: 295045)
Gregory Lang (Cal. Bar No.: 335036)
1901 Avenue of the Stars Suite # 450
Los Angeles, California 90067
Tel.: (818) 456-6168 | Fax: (888) 505-0868
Email: josh@falakassalaw.com

Attorneys for Plaintiff,
Temeka Robinson

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SACRAMENTO

| | |
|---|---|
| TEMEKA ROBINSON, an individual, | ) Case No.: |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES** |
| vs. | ) |
| | ) **(1) RELIGIOUS DISCRIMINATION IN** |
| VSP LABS, INC., a Delaware corporation; | ) **VIOLATION OF FEHA;** |
| and DOES 1 through 20, inclusive, | ) **(2) DISABILITY DISCRIMINATION IN** |
| | ) **VIOLATION OF FEHA;** |
| Defendants. | ) **(3) RETALIATION IN VIOLATION OF** |
| | ) **FEHA;** |
| | ) **(4) DISCRIMINATION IN VIOLATION** |
| | ) **OF FMLA/CFRA;** |
| | ) **(5) RETALIATION IN VIOLATION OF** |
| | ) **CFRA;** |
| | ) **(6) WRONGFUL TERMINATION IN** |
| | ) **VIOLATION OF PUBLIC POLICY** |
| | ) **(7) FAILURE TO ENGAGE IN THE** |
| | ) **INTERACTIVE PROCESS; &,** |
| | ) **(8) FAILURE TO ACCOMMODATE** |
| | ) **RELIGIOUS CREED.** |
| | ) |
| | ) |
| | ) **DEMAND FOR JURY TRIAL** |
| | ) |
| | ) |
| | ) |

COMPLAINT
Page 1 of **16**

**COMES NOW** Plaintiff Temeka Robinson ("Plaintiff") for the following allegations and causes of action against Defendant VSP Labs, Inc.; and Defendants Does 1 through 20 (hereinafter collectively "Defendants"):

<u>**PARTIES**</u>

1.      Plaintiff is an adult female who at all relevant times is and was residing in Sacramento County, California.

2.      Plaintiff is informed and believes and, on that basis, alleges that Defendant VSP Labs, Inc. is and at all relevant times was a corporation incorporated in Delaware with its principal place of business at 3333 Quality Drive, Rancho Cordova, California. VSP Labs, Inc., does business in the State of California and employed Plaintiff and more than 50 employees. As such, VSP Labs, Inc., is and at all relevant times was an "employer" defined by the California Fair Employment and Housing Act ("FEHA") and a covered employer for purposes of the Family Medical Leave Act ("FMLA") and California Family Rights Act ("CFRA").

3.      Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 20, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereupon alleges that each of the fictitiously named Defendants is legally and/or equitably responsible for the occurrences herein alleged.

4.      At all times herein mentioned Defendants, and each of them, were the agents and employees of the other Defendants, and each of them, and in doing the things hereinafter alleged, were acting in the course and scope of the agency and employment and with the permission of Defendants, and each of them.

<u>**JURISDICTION AND VENUE**</u>

5.      This Court has subject matter jurisdiction over this matter because at all times relevant herein, Plaintiff was employed and terminated by Defendants in the County of Sacramento. Therefore, Plaintiff's injuries occurred in Sacramento County, State of California to a sum of at least $25,000.

6.      Venue is proper in the County of Sacramento because Plaintiff worked for Defendants in Folsom, California in the County of Sacramento. Defendants have at all relevant times maintained, owned/rented, and/or utilized properties in Sacramento County, California, and committed wrongful conduct against Plaintiff in Sacramento County, California.

7.      This Court is the proper court for trial in this action in that the acts and omissions of Defendants as alleged herein were made within this Court's jurisdictional area.

## COMMON FACTUAL ALLEGATIONS

8.      Defendants are a manufacturer of optical lens and instruments with hundreds of employees in California.

9.      Plaintiff was a long-time employee of Defendants since January 9, 2012 and held the position of "Breakage Analysis Processer."

10.     Over the course Plaintiff's employment, she effectively performed her job duties, and received positive performance evaluations in 2018, 2019, and 2020.

11.     At all relevant times, Plaintiff suffers and suffered from a disability and serious health condition.

12.     At all relevant times, Plaintiff is and was a devout Christian. Defendants, by and through their agents and managers, had knowledge of Plaintiff's status as a devout Christian.

13.     On or about July 2021, Plaintiff requested FMLA/CFRA leave for her serious health condition. Defendants approved Plaintiff's leave from August 2, 2021, thru October 15, 2021.

14.     Upon Plaintiff's return from FMLA/CFRA leave, Plaintiff noticed that Defendants were unreasonably increasing her workload, which also increased her work hours. Plaintiff was now provided additional work assignments from various managers and superiors of Defendants.

15.     From December 13 to 16, 2021, Plaintiff wrote notes to herself to help keep track of her expanding workload. On these notes, Plaintiff wrote names of those who assigned her work assignments, and when she had completed the work, she would cross off the name. Included in her notes on a separate sheet, Plaintiff also made references to religious scriptures and phrases to help encourage her during her long workdays.

16.     When Defendants discovered Plaintiff's notes, Plaintiff was immediately ordered to attend a meeting with her superior, Greg Holden ("Mr. Holden"), Senior Professional in Human Resources. Plaintiff explained the notes she had taken, and the reason for the notes. During the meeting, Mr. Holden referred to God as "vengeful and vindictive," and then had Plaintiff escorted out of the building, put on administrative leave, and ultimately terminated on January 4, 2022.

17.     On May 2, 2022, Plaintiff filed with the California Department of Fair Employment and Housing ("DFEH") a complaint charging Defendants with discrimination in violation of FEHA. On May 2, 2022, the DFEH issued Plaintiff a right-to sue letter.

## FIRST CAUSE OF ACTION

### (Religious Creed Discrimination in Violation of FEHA)

### (Against All Defendants)

18.     Plaintiff incorporates each allegation set forth in the paragraphs above.

19.     At all times herein mentioned, Government Code § 12940(a) ("FEHA") were in full force and effect and binding upon Defendants. The FEHA requires that Defendants refrain from discharging any person from employment on the basis of religion.

20.     Plaintiff is, and at all times herein mentioned, was an employee" who was religious and an observer of the traditionally recognized religion of Christianity during her employment with Defendants.

21.     At all relevant times, Plaintiff was discriminated for engaging in behavior associated with her Christian faith, such as clapping, singing songs of worship, and dusting off her feet. Defendants threatened Plaintiff with punishment if she continued her conduct. Plaintiff was forced to stop engaging in these behaviors despite her best efforts to explain that they were not intended to disrupt or offend anyone, but merely a part of her religious beliefs.

22.     Plaintiff is informed and believes and thereon alleges that Defendants' employment benefits have been denied, in whole or in part, because of her religious creed.

23.     As such, Defendants' termination of Plaintiff was in violation of the FEHA. Plaintiff's religious creed was a substantial motivating reason for Defendants' decision to

terminate Plaintiff. Plaintiff was harmed, and Defendants' conduct was a substantial factor in causing Plaintiff's harm.

24. As a result of Defendants' wrongful discharge of Plaintiff, she has suffered and continues to suffer damages in the form of lost wages and other employment benefits, and severe emotional and physical distress, the exact amount of which will be proven at trial.

25. Defendants and each of them acted for the purpose of causing Plaintiff to suffer financial loss and severe emotional distress and physical distress and are guilty of oppression and malice, justifying an award of exemplary and punitive damages which will be proven at trial.

26. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code §12965(b).

27. The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendants had in place policies and procedures that specifically prohibited discrimination based on religious creed and required Defendants' managers, officers, and agents to prevent religious creed discrimination. However, Defendants chose to consciously and willfully ignore said policies. Therefore, Defendants conduct was outrageous, malicious, oppressive and done in wanton disregard for the rights of Plaintiff and other religious employees. Each Defendant aided, abetted, participated, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged herein. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### (Disability Discrimination in Violation of FEHA)

### (Against All Defendants)

28. Plaintiff incorporates each allegation set forth in the paragraphs above.

29. At all times herein mentioned, Government Code § 12940 *et seq.*, § 12926.1, § 12945.2 ("FEHA") were in full force and effect and binding upon Defendants. The FEHA requires

that Defendants refrain from discharging any person from employment on the basis of physical/mental disability or medical condition.

30.     Plaintiff is, and at all relevant times herein mentioned was an "employee" who suffered from a disability as defined by the FEHA.

31.     At all relevant times herein mentioned, Plaintiff was qualified and competent to perform the duties of her position, and or any other which were available, with a reasonable accommodation.

32.     Plaintiff is informed and believes and thereon alleges that based upon her disability, Defendants terminated Plaintiff's employment.

33.     As such, Defendants' termination of Plaintiff was in violation of the FEHA. Defendants knew that Plaintiff had a disability that limited a major life activity, namely Plaintiff's ability to work. Plaintiff's requesting an accommodation and taking of medical leave to address her serious health conditions were both substantial motivating reasons for Defendants' decisions to first increase Plaintiff's workload and then ultimately terminate Plaintiff. Plaintiff was harmed, and Defendants' conduct was a substantial factor in causing Plaintiff's harm.

34.     As a result of Defendants wrongful and retaliatory discharge of Plaintiff, she has suffered and continues to suffer damages in the form of lost wages and other employment benefits, and severe emotional and physical distress, the exact amount of which will be proven at trial.

35.     Defendants and each of them acted for the purpose of causing Plaintiff to suffer financial loss and severe emotional distress and physical distress and are guilty of oppression and malice, justifying an award of exemplary and punitive damages which will be proven at trial.

36.     As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code §12965(b).

37.     The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendants had in place policies and procedures that specifically prohibited discrimination based on disability and required Defendants' managers,

officers, and agents to prevent disability discrimination. However, Defendants chose to consciously and willfully ignore said policies. Therefore, Defendants' conduct was outrageous, malicious, oppressive and done in wanton disregard for the rights of Plaintiff and other disabled employees. Each Defendant aided, abetted, participated, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged herein. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

**(Retaliation in Violation of FEHA)**

**(Against All Defendants)**

38. Plaintiff incorporates each allegation set forth in the paragraphs above.

39. At all times herein mentioned, the FEHA was in full force and effect and binding on Defendants. The FEHA makes it unlawful for any person to retaliate against an employee who has opposed a discriminatory practice and who asserts their rights under the FEHA, including Plaintiff requesting a reasonable accommodation or taking medical leave.

40. Defendants' conduct as alleged herein above constituted unlawful retaliation in violation of the FEHA.

41. As a result of Defendants retaliatory discharge of Plaintiff, she has suffered and continues to suffer damages in the form of lost wages and other employment benefits, and severe emotional and physical distress, the exact amount of which will be proven at trial.

42. Defendants and each of them acted for the purpose of causing Plaintiff to suffer financial loss and severe emotional distress and physical distress and are guilty of oppression and malice, justifying an award of exemplary and punitive damages which will be proven at trial.

43. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code §12965(b).

/ / /

/ / /

## FOURTH CAUSE OF ACTION

### (Discrimination in Violation of FMLA/CFRA)

### (Against All Defendants)

44.     Plaintiff incorporates each allegation set forth in the paragraphs above.

45.     All relevant times herein, Plaintiff was entitled to protected leave under the FEHA, which includes Government Code § 12945.2 et seq. ("CFRA").  Moreover, Plaintiff was entitled to protected leave under 29 U.S.C. § 2601 *et seq*. ("FMLA") and 29 C.F.R. § 825.11. (*Basso v. Potter* (D. Conn. 2009) 596 F.Supp.2d 324.) Defendants did business in the State of California, and Plaintiff is informed and believes Defendants employed 50 or more full or part-time employees.

46.     It is unlawful for an employer to discriminate against any employee for exercising their right to unpaid leave under the FMLA/CFRA.

47.     Plaintiff has a disability under FEHA/CFRA and a serious health condition under the FMLA. Plaintiff gave appropriate notice of her need to be absent from work at least 30 days before leave was to begin, or alternatively as soon as practicable after she learned of the need for medical leave. Nevertheless, Plaintiff was given an increased workload after returning from FMLA/CFRA leave, and Plaintiff's medical leave was a substantial, motivating, and determinative factor for Defendants to terminate Plaintiff's employment.

48.     As a proximate result of the aforesaid acts and omissions of Defendants, Plaintiff has suffered actual, consequential and incidental financial loss, including, loss of wages and benefits, and the intangible loss of employment related opportunities in her field, and future employment in her profession.

49.     As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code §12965(b).

50.     The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendants had in place policies and procedures that

specifically prohibited discrimination based on disability and required Defendants' managers, officers, and agents to prevent disability discrimination. However, Defendants chose to consciously and willfully ignore said policies. Therefore, Defendants' conduct was outrageous, malicious, oppressive and done in wanton disregard for the rights of Plaintiff and other disabled employees. Each Defendant aided, abetted, participated, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged herein. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION

### (Retaliation in Violation of CFRA)

### (Against All Defendants)

51.     Plaintiff incorporates each allegation set forth in the paragraphs above.

52.     All relevant times herein, Plaintiff was entitled to protected leave under the FEHA, which includes Government Code § 12945.2 et seq. ("CFRA"). Defendants did business in the State of California, and Plaintiff is informed and believes Defendants employed 5 or more full or part-time employees.

53.     It is unlawful for an employer to retaliate against an employee for requesting or taking medical leave under the CFRA. (Cal. Gov. Code § 12945.2(l).)

54.     Plaintiff was eligible for medical leave due to her disability and serious medical condition, and both requested and took FMLA/CFRA medical leave for her own serous health condition.

55.     Defendants first increased Plaintiff's workload substantially upon her return and then ultimately terminated Plaintiff's employment based on Plaintiff's taking of CFRA medical leave. Plaintiff's requested and taken medical leave was a substantial motivating reason for her termination by Defendants. Plaintiff was harmed, and Defendants' termination of Plaintiff's employment was a substantial factor in causing Plaintiff's harm.

56.     As a proximate result of the aforesaid acts and omissions of Defendants, Plaintiff has suffered actual, consequential and incidental financial loss, including, loss of wages and benefits, and the intangible loss of employment related opportunities in her field, and future

employment in her profession. Further, Defendants' interference with Plaintiff's CFRA rights was not in good faith; therefore, Plaintiff may recover, as liquidated damages, an additional amount equal to the entire award of lost wages, benefits, etc., and interest.

57.     As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs.

### SIXTH CAUSE OF ACTION

#### (Wrongful Termination in Violation of Public Policy)

#### (Against All Defendants)

58.     Plaintiff incorporates each allegation set forth in the paragraphs above.

59.     The FEHA and/or the CFRA reflect the fundamental public policies of the State of California. These public policies are designed to prevent discrimination/retaliation based on disability, and to prevent the interference of employee's rights to use CFRA leave, amongst other public policies.

60.     The actions of Defendants in terminating Plaintiff on the grounds alleged herein were wrongful and in direct contravention of the fundamental public policies of the State of California.

61.     As a proximate result of the aforesaid acts and omissions of Defendants, Plaintiff has suffered actual, consequential and incidental financial loss, including, loss of wages and benefits, and the intangible loss of employment related opportunities in her field, and future employment in her profession.

62.     As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  As a result of the acts of Defendants as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs as provided in Code of Civil Procedure § 1021.5.

/ / /

## SEVENTH CAUSE OF ACTION

### (Failure to Engage in the Interactive Process in Violation of FEHA)

### (Against All Defendants)

63.     Plaintiff incorporates each allegation set forth in paragraphs above.

64.     Government Code § 12940(n) provides in pertinent part: "[I]t is unlawful employment practice, unless based on upon a bona fide occupational qualification, or, except where based upon applicable security regulations established by the United States or the State of California: (n) For an employer or other entity covered by this part to fail to engage in a timely, good faith, interactive process with the employee... to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee... with a known physical or mental disability or known medical condition."

65.     At all relevant times, Plaintiff requested accommodations from Defendants, including, but not limited to, from her manager Steve Michaud ("Mr. Michaud"). Mr. Michaud summarily denied any accommodations requested by Plaintiff, without engaging in any good faith interactive process. Additionally, Mr. Michaud never followed up with Plaintiff or Human Resources regarding potential accommodations for Plaintiff, despite being informed of the need. Further still, Mr. Michaud had also informed Mr. Holden, Senior Professional in Human Resources, of these requested accommodations. At no point, did Mr. Holden or Mr. Michaud attempt to accommodate either Plaintiff's espoused need for a disability related accommodation.

66.     Plaintiff is informed and believes and on that basis alleges that the Defendants did not engage in a reasonable nor meaningful interactive process with regard to Plaintiff and her disability, and need for reasonable accommodation(s), and instead ignored Plaintiff's request for accommodation and/or summarily denied the accommodation without engaging in the interactive process.

67.     Defendants were aware of Plaintiff's disability, and her need for reasonable accommodations, but nonetheless, Defendants failed to respond or engage in a good-faith interactive process in any meaningful manner. Defendants, through its employees and agents,

failed to engage in a meaningful or reasonable interactive process regarding Plaintiff's disability in violation of Government Code § 12940(n).

68.     Plaintiff was ready and willing to participate in an interactive process to determine whether a reasonable accommodation could be made so that she would be able to perform the essential job requirements. However, Defendants failed to participate in good-faith with Plaintiff to provide a reasonable accommodation. Plaintiff was harmed, and Defendants' failure to engage in a good-faith interactive process was a substantial factor in causing Plaintiff's harm.

69.     As a result of Defendants' wrongful discharge of Plaintiff, she has suffered and continues to suffer damages in the form of lost wages and other employment benefits, and severe emotional and physical distress, the exact amount of which will be proven at trial. Plaintiff also seeks statutory attorneys' fees and costs pursuant to Government Code § 12965(b).

70.     Defendants and each of them acted for the purpose of causing Plaintiff to suffer financial loss and severe emotional distress and physical distress and are guilty of oppression and malice, justifying an award of exemplary and punitive damages which will be proven at trial.

## EIGHTH CAUSE OF ACTION

### (Failure to Accommodate Religion Creed in Violation of FEHA)

### (Against All Defendants)

71.     Plaintiff incorporates each allegation set forth in paragraphs above.

72.     Government Code § 12940(l)(1) provides in pertinent part that "to discriminate against a person in compensation or in terms, conditions, or privileges of employment because of a conflict between the person's religious belief or observance and any employment requirement, unless the employer or other entity covered by this part demonstrates that it has explored any available reasonable alternative means of accommodating the religious belief or observance, including the possibilities of excusing the person from those duties that conflict with the person's religious belief or observance or permitting those duties to be performed at another time or by another person[…]."

73.     At all relevant times, Plaintiff requested accommodations from Defendants, including, but not limited to, from her manager Steve Michaud ("Mr. Michaud"). Mr. Michaud

summarily denied any accommodations requested by Plaintiff, without engaging in any good faith interactive process. Additionally, Mr. Michaud never followed up with Plaintiff or Human Resources regarding potential accommodations for Plaintiff, despite being informed of the need for religious accommodation. Further still, Mr. Michaud had also informed Mr. Holden, Senior Professional in Human Resources, of both these requested accommodations. At no point, did Mr. Holden or Mr. Michaud attempt to accommodate either Plaintiff's espoused need for a religious accommodation. Additionally, Plaintiff was warned and punished for other aspects of her religious expression.

74. Plaintiff was able to perform the essential job duties with reasonable accommodations, but Defendants failed to provide any reasonable accommodation for Plaintiff's religious beliefs or observance. Plaintiff was harmed, and Defendants' failure to provide reasonable accommodation was a substantial factor in causing Plaintiff harm.

75. As a result of Defendants' failure to accommodate Plaintiff, and her resulting termination, Plaintiff has suffered and continues to suffer damages in the form of lost wages and other employment benefits, and severe emotional and physical distress, the exact amount of which will be proven at trial.

76. Defendants and each of them acted for the purpose of causing Plaintiff to suffer financial loss and severe emotional distress and physical distress and are guilty of oppression and malice, justifying an award of exemplary and punitive damages. Plaintiff also seeks statutory attorneys' fees and costs pursuant to Government Code § 12965(b).

**WHEREFORE**, Plaintiff prays for the following relief against all Defendants:

A. As to the First Cause of Action,

    a. Compensatory damages according to proof at trial;

    b. General and special damages in order to compensate Plaintiff for loss of job security, failure to properly advance within her career, damage to reputation, expenses and physical, mental and emotional injuries according to proof at trial;

    c. Exemplary and punitive damages according to proof at trial;

d.  Reasonably attorneys' fees and costs pursuant to Government Code § 12965.

e.  Prejudgment and post judgment interest; and

f.  Any other relief the court deems proper.

B.  As to the Second Cause of Action

a.  Compensatory damages according to proof at trial;

b.  General and special damages in order to compensate Plaintiff for loss of job security, failure to properly advance within her career, damage to reputation, expenses and physical, mental and emotional injuries according to proof at trial;

c.  Exemplary and punitive damages according to proof at trial;

d.  Reasonably attorneys' fees and costs pursuant to Government Code § 12965;

e.  Prejudgment and post judgment interest; and

f.  Any other relief the court deems proper.

C.  As to the Third Cause of Action,

a.  Compensatory damages according to proof at trial;

b.  General and special damages in order to compensate Plaintiff for loss of job security, failure to properly advance within her career, damage to reputation, expenses and physical, mental and emotional injuries according to proof at trial;

c.  Exemplary and punitive damages according to proof at trial;

d.  Reasonably attorneys' fees and costs pursuant to Government Code § 12965;

e.  Prejudgment and post judgment interest; and

f.  Any other relief the court deems proper.

D.  As to the Fourth Cause of Action,

a.  Compensatory damages according to proof at trial;

b.  General and special damages in order to compensate Plaintiff for loss of job security, failure to properly advance within her career, damage to reputation, expenses and physical, mental and emotional injuries according to proof at trial;

c.  Exemplary and punitive damages according to proof at trial;

d.  Reasonably attorneys' fees and costs pursuant to Cal. Gov. Code § 12965;

e.  Prejudgment and post judgment interest; and

  f. Any other relief the court deems proper.

E. As to the Fifth Cause of Action,

  a. General and special damages for mental and emotional injuries according to proof at trial;

  b. Exemplary and punitive damages according to proof at trial;

  c. Reasonable attorneys' fees and costs under 29 U.S.C. § 2617(a)(3), 29 C.F.R. § 825.400(c), and Cal. Gov. Code § 12965;

  d. Prejudgment and post judgment interest; and

  e. Any other relief the court deems proper.

F. As to the Sixth Cause of Action,

  a. Compensatory damages according to proof at trial;

  b. General and special damages in order to compensate Plaintiff for loss of job security, failure to properly advance within her career, damage to reputation, expenses and physical, mental and emotional injuries according to proof at trial;

  c. Exemplary and punitive damages according to proof at trial;

  d. Reasonably attorneys' fees and costs pursuant to Cal. Gov. Code § 12965;

  e. Prejudgment and post judgment interest; and

  f. Any other relief the court deems proper.

G. As to the Seventh Cause of Action,

  a. Compensatory damages according to proof at trial;

  b. General and special damages in order to compensate Plaintiff for loss of job security, failure to properly advance within her career, damage to reputation, expenses and physical, mental and emotional injuries according to proof at trial;

  c. Exemplary and punitive damages according to proof at trial;

  d. Reasonably attorneys' fees and costs pursuant to Cal. Gov. Code § 12965;

  e. Prejudgment and post judgment interest; and

  f. Any other relief the court deems proper.

H. As to the Eighth Cause of Action,

  a. Compensatory damages according to proof at trial;

b.  General and special damages in order to compensate Plaintiff for loss of job security, failure to properly advance within her career, damage to reputation, expenses and physical, mental and emotional injuries according to proof at trial;

c.  Exemplary and punitive damages according to proof at trial;

d.  Reasonably attorneys' fees and costs pursuant to Cal. Gov. Code § 12965;

e.  Prejudgment and post judgment interest; and

f.  Any other relief the court deems proper.

Respectfully Submitted,

FALAKASSA LAW, P.C.

Dated this 3rd Day of May, 2022

Joshua S. Falakassa
Gregory Lang
Attorneys for Plaintiff Temeka Robinson

# EXHIBIT B

KENNADAY LEAVITT PC
KELLI M. KENNADAY (SBN 155153)
kkennaday@kennadayleavitt.com
ALLISON M. NYE (SBN 298872)
anye@kennadayleavitt.com
621 Capitol Mall, Suite 2500
Sacramento, California 95814
Telephone: (916) 732-3060

Attorneys for Defendant
VISION SERVICE PLAN (erroneously sued as
VSP LABS, INC.)

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SACRAMENTO

| | |
|---|---|
| TEMEKA ROBINSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>VSP LABS, INC., a Delaware corporation;<br>and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 34-2022-00319458<br><br>**ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: May 6, 2022<br>Trial Date:        None Set |

Defendant, VISION SERVICE PLAN (erroneously sued as VSP LABS, INC.), ("Defendant" or "VSP"), hereby answers, denies, and avers to the unverified Complaint of Plaintiff TEMEKA ROBINSON ("Plaintiff"), as follows:

### GENERAL DENIAL

In accordance with Code of Civil Procedure section 431.30, subdivision (d), Defendant generally denies each and all of the allegations in Plaintiff's unverified Complaint, and each cause of action therein, and further denies that Plaintiff has been injured and/or damaged in the manner or sum alleged, or in any other manner sum, or at all, by reason of any act or omission on the part of Defendant, or any of its officers, agents, or employees. For further, separate and distinct answers by

KENNADAY LEAVITT PC
ATTORNEYS AT LAW
621 CAPITOL MALL, SUITE 2500
SACRAMENTO, CA 95814

way of separate and affirmative defenses, Defendant alleges:

## SEPARATE AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE

### (Failure to State a Cause of Action)

Plaintiff's Complaint, and each cause of action and/or plea for relief contained therein, is barred to the extent it fails to state facts sufficient to state a cause of action upon which relief may be granted against this answering defendant.

### SECOND DEFENSE

### (Statute of Limitations)

Plaintiff's Complaint, and each cause of action and/or plea for relief contained therein, is barred by the applicable statutes of limitations, including those set forth in California Code of Civil Procedure sections 335.1, 337(a), 338, 338.1, 339, 340 and 342, and California Government Code sections 12960 and 12965(b).

### THIRD DEFENSE

### (Failure to Timely Exhaust Administrative Remedies)

The Complaint, and each claim alleged therein, is barred for Plaintiff 's failure to exhaust her administrative remedies and/or timely exhaust those remedies, including but not limited to, Defendant's internal dispute resolution process and/or the administrative remedies required by the California Fair Employment and Housing Act.

### FOURTH DEFENSE

### (Claims Exceed Administrative Complaints)

Plaintiffs' Complaint, and each cause of action and/or plea for relief contained therein, is barred to the extent it exceeds the claims set forth in Plaintiffs' administrative complaints.

### FIFTH DEFENSE

### (Res Judicata)

Plaintiff's Complaint, and each cause of action and/or plea for relief contained therein, is barred by the doctrine of res judicata.

///

KENNADAY LEAVITT PC
ATTORNEYS AT LAW
621 CAPITOL MALL, SUITE 2500
SACRAMENTO, CA 95814

## SIXTH DEFENSE

### (Waiver)

The Complaint, and each claim therein, is barred by the doctrine of waiver.  Plaintiff, by reason of her conduct and action, has waived the right, if any, to pursue the claims listed in the Complaint.

## SEVENTH DEFENSE

### (Estoppel)

As a result of her own acts and/or omissions, Plaintiff is estopped from bringing the Complaint, and/or each cause of action and/or plea for relief contained therein, against Defendant pursuant to the doctrine of collateral estoppel.

## EIGHTH DEFENSE

### (Failure to Mitigate)

Plaintiff's Complaint, and each cause of action and/or plea for relief contained therein, is barred in whole or in part because Plaintiff has not used reasonable care and diligence to mitigate her damages, if any.

## NINTH DEFENSE

### (Lawful Business Reasons)

Plaintiff's Complaint, and each cause of action and/or plea for relief contained therein, is barred because the alleged conduct of which Plaintiff complains, if committed, was made in good faith, honestly, without malice, in the exercise of business judgment and for legitimate, non-discriminatory and non-retaliatory reasons. Defendant's treatment of Plaintiff was at all times just, fair, privileged, with good cause, non-discriminatory, non-retaliatory, and in good faith.

## TENTH DEFENSE

### (Mixed-Motive and Same Decision Defenses)

To the extent Plaintiff can prove that any illegal factor was a motivating factor in any action taken by Defendant, which Defendant hereby denies, Plaintiff's damages are barred in whole or in part because the alleged conduct of which Plaintiff complains, if committed, was made in good faith, honestly, without malice, in the exercise of business judgment, and for legitimate, non-

KENNADAY LEAVITT PC
ATTORNEYS AT LAW
621 CAPITOL MALL, SUITE 2500
SACRAMENTO, CA 95814

discriminatory and nonretaliatory reasons. If it is found that Defendant's actions were motivated by both discriminatory/retaliatory and nondiscriminatory/nonretaliatory reasons, the nondiscriminatory/nonretaliatory reasons alone would have induced Defendant to take such actions and make the same decisions and Defendant would have taken the same action for permissible reasons alone.

### ELEVENTH DEFENSE

#### (Failure to Engage in Interactive Process)

Plaintiff's Complaint, and each cause of action contained therein, is barred because the interactive process, to the extent it was required, broke down due to the actions and omissions of Plaintiff, rather than any failure on the part of Defendant.

### TWELFTH DEFENSE

#### (Avoidable Consequences)

Some or all of Plaintiff's alleged damages, if any there are, are barred under the avoidable consequences doctrine. Defendant took reasonable steps to prevent and correct workplace discrimination and retaliation, and other forms of illegal activity, by implementing and maintaining adequate anti-discrimination and anti-retaliation policies, creating confidential reporting procedures for allegations of discrimination and retaliation, and communicating essential information to its employees concerning its policies and procedures, among other things. Defendant is informed and believes that Plaintiff unreasonably failed to use the preventive and corrective measures provided by Defendant. Had Plaintiff utilized these procedures, it would have prevented or rectified at least some of the harm and/or offending conditions or misconduct, if any there was.

### THIRTEENTH DEFENSE

#### (Consent)

Plaintiff, by reason of her knowledge, statements and conduct, consented to all of the acts or omissions, if any, on the part of the Defendant.

### FOURTEENTH DEFENSE

#### (Failure to Exhaust Employer's Internal Complaint Procedures)

Plaintiff's Complaint, and each cause of action contained therein, is barred because Plaintiff

KENNADAY LEAVITT PC
ATTORNEYS AT LAW
621 CAPITOL MALL, SUITE 2500
SACRAMENTO, CA 95814

failed to take advantage of the internal complaint resolution procedures that were known and available to Plaintiff.

### FIFTEENTH DEFENSE

**(After-Acquired Evidence)**

Plaintiff's Complaint, and each cause of action and/or plea for relief contained therein, is barred, in whole or in part, pursuant to the doctrine of after-acquired evidence.

### SIXTEENTH DEFENSE

**(Unclean Hands)**

Plaintiff's Complaint, and each cause of action contained therein, is barred by the doctrine of unclean hands.

### SEVENTEENTH DEFENSE

**(Undue Hardship)**

Plaintiff's Complaint, and each cause of action contained therein, is barred because Plaintiff's conduct, which if allowed to continue, would have posed an undue hardship on Defendant, who is obligated to provide a safe workplace to all of its employees.

///

///

///

///

///

///

///

///

///

///

///

///

///

KENNADAY LEAVITT PC
ATTORNEYS AT LAW
621 CAPITOL MALL, SUITE 2500
SACRAMENTO, CA 95814

00224817.1

-5-

**WHEREFORE, DEFENDANT PRAYS FOR JUDGMENT AS FOLLOWS:**

1.      That Plaintiff takes nothing by this action;

2.      That the Court dismiss the Complaint in its entirety with prejudice;

3.      That Defendant recover reasonable attorneys' fees and costs herein incurred; and

4.      For such other and further relief as the court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Defendant hereby demands a trial by jury.

DATED: June 21, 2022                                      KENNADAY LEAVITT PC

By: _____
                                              KELLI M. KENNADAY
                                              ALLISON M. NYE
                                   Attorneys for Defendant, VISION SERVICE
                                   PLAN (erroneously sued as VSP LABS,
                                                      INC.)

KENNADAY LEAVITT PC
ATTORNEYS AT LAW
621 CAPITOL MALL | SUITE 2500
SACRAMENTO, CA 95814

00224817.1

-6-

ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

## <u>PROOF OF SERVICE</u>

**STATE OF CALIFORNIA, COUNTY OF SACRAMENTO**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Sacramento, State of California.  My business address is 621 Capitol Mall, Suite 2500, Sacramento, CA 95814.  My electronic service address is phendrickson@kennadayleavitt.com.

On June 21, 2022, at or before 11:59 p.m., I served true copies of the following document(s) described as **ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**, on the interested parties in this action as follows:

Joshua S. Falakassa
Gregory Lang
FALAKASSA LAW
1901 Avenue of the Stars, Suite 450
Los Angeles, CA 90067
Tel: 818-456-6168
Email: josh@falakassalaw.com

*Attorneys for Plaintiff*

[  ]   **BY EMAIL:**  I caused such documents to be served via electronic mail transmittal to the offices of the email addresses herein described.

[X]   **BY MAIL**:  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed herein and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with Kennaday Leavitt PC's practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

[  ]   **BY FEDEX:**  I enclosed said document(s) in an envelope or package provided by FedEx and addressed to the persons at the addresses listed above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FedEx or delivered such document(s) to a courier or driver authorized by FedEx to receive documents.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on June 21, 2022, at Sacramento, California.

PAULA HENDRICKSON-BYERS

KENNADAY LEAVITT PC
ATTORNEYS AT LAW
621 CAPITOL MALL | SUITE 2500
SACRAMENTO, CA 95814

00224817.1

**PROOF OF SERVICE**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Sacramento, State of California.  My business address is 621 Capitol Mall, Suite 2500, Sacramento, CA 95814.  My electronic service address is phendrickson@kennadayleavitt.com

On June 24, 2022, at or before 11:59 p.m., I served true copies of the following document(s) described as **DECLARATION OF KELLI M. KENNADAY IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL OF ACTION** on the interested parties in this action as follows:

> Joshua S. Falakassa
> Gregory Lang
> FALAKASSA LAW
> 1901 Avenue of the Stars, Suite 450
> Los Angeles, CA 90067
> Tel: 818-456-6168
> Email: josh@falakassalaw.com

> *Attorneys for Plaintiff*

[X] **BY EMAIL:** I caused such documents to be served via electronic mail transmittal to the offices of the email addresses herein described.

[X] **BY MAIL**: I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed herein and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with Kennaday Leavitt PC's practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  Executed on June 24, 2022, at Sacramento, California.

PAULA HENDRICKSON-BYERS

Kennaday Leavitt PC
Attorneys at Law
621 Capitol Mall | Suite 2500
Sacramento, CA 95814